## STATE v. HARRY EMERY.

### ORANGE COUNTY, 1893.

Before:   ROSS, CH. J., TAFT, ROWELL AND START, JJ.

*Impeding officer.   Assault upon assistant.*

1. One may impede a sheriff in the service of process by assaulting those who are assisting him in the service.

2. In such case it is no defence that the respondent did not know that the officer had requested the assistance of those assaulted nor that their assistance was unnecessary, provided he knew that the officer was engaged in the service of process and that those assaulted were assisting him.

Information for impeding an officer.   Heard upon general demurrer to the information at the June term, 1892, TYLER J., presiding.   Demurrer overruled.   The respondent excepts.   The opinion states the case.

*R. M. Harvey* for the respondent.

There is no direct allegation that the officer was interfered with.   *State* v. *Lovett*, 3 Vt. 110.

There is no allegation that the respondent knew that those assaulted were acting by the request of the officer.   2 Bish. Crim. Law, 340, 440, 557, 558, 688, 696; *State* v. *Downer and Fuller*, 8 Vt. 424.

*Geo. L. Stow*, State's attorney, for the State.

The manner of the impeding is sufficiently set forth. *State* v. *Downer et al.*, 8 Vt. 424.

TAFT, J.　It is insisted that there is no allegation that Barron was in any direct manner interfered with, impeded or hindered.　It is alleged that he was impeded and hindered by an assault upon his assistants.　This is an allegation of impeding him in a direct manner, in fact, as direct and forcible as can well be conceived.

II.　It is insisted that the information is defective for that there is no allegation that the respondent knew that Locke and Wallace (the assistants) were acting by Barron's directions, and no allegation that Barron had asked them to assist him and no allegation that it was necessary for Barron to have assistance.　If the respondent knew that Barron was serving the process and that Locke and Wallace were assisting him (and it is so alleged in the information) he had no right to assault the latter, although their aid was unnecessary and they were volunteers.　An officer in the execution of process may take such assistance as he deems requisite, and if from over-abundant caution he takes more than is necessary, no one for that reason has a right to assault the assistants.

*The information is sufficient, the judgment was correct, the same is affirmed and cause remanded for trial.*